Gholam Reza ZAINALIAN,
Plaintiff–Appellant,

v.

MEMPHIS BOARD OF EDUCATION,
Defendant–Appellee.

No. 00–5629.

United States Court of Appeals,
Sixth Circuit.

Feb. 5, 2001.

**430**

Before NORRIS, SILER, and BRIGHT,* Circuit Judges.

_____

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

### ORDER

This is an appeal from a summary judgment for the defendant in this employment discrimination case filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, _et seq._ This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1998, Gholam Reza Zainalian filed a complaint against the Memphis City Schools, subsequently amended to the Memphis Board of Education, in which he alleged that he was the victim of employment discrimination based on his national origin, religion, and in retaliation for the earlier exercise of his rights. The parties agreed to vest final decision-making authority in a magistrate judge who eventually granted the defendant's motion for summary judgment.

This court reviews a district court's grant of summary judgment de novo. _See, e.g., United Nat'l Ins. Co. v. SST Fitness Corp.,_ 182 F.3d 447, 449 (6th Cir.1999). Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ. P.; _Anderson v. Liberty Lobby, Inc.,_ 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and _Celotex Corp. v. Catrett,_ 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An examination of the record and law supports the district court's judgment in all respects.

The core of Zainalian's complaint is that he was discriminated against by the Memphis Board of Education because he is a Muslim and from Iran. The evidence

of record shows that Zainalian applied for a full-time teaching position with the Memphis school system in September 1997, although he was not certified to teach in Tennessee under state law. Zainalian was assigned as a substitute teacher at four different schools while his application for full-time employment was under consideration. Zainalian received unsatisfactory ratings at his first assignment and that school's assistant principal requested that Zainalian not be reassigned there. Zainalian received mediocre ratings at his second school assignment and the assistant principal could not recommend him for permanent employment. Zainalian's performance was characterized as "above average" at his third assignment, but he left his fourth assignment prematurely after becoming "belligerent" over a scheduling mistake. The Memphis Board of Education eventually declined to hire Zainalian as a full-time teacher.

Zainalian's complaint had two claims for relief. First, Zainalian contended that the Memphis School Board did not hire him to a full-time position because he is a Muslim and from Iran. In addition, Zainalian appended his Equal Employment Opportunity Commission charging document in which he claimed that he was being discriminated against "in retaliation for inquirying [sic] into the reason I have not been hired and a poor evaluation from Ridgeway High School." The Board eventually moved for summary judgment and supported this motion with evidentiary material. Zainalian submitted a few documents and an affidavit in opposition. The affidavit was neither notarized nor sworn.

The magistrate judge to whom the matter was assigned for a final decision concluded that Zainalian's affidavit was insufficient as a matter of law and, therefore, was only to be considered as an additional pleading. The magistrate judge then found that Zainalian had not made a prima facie case of discrimination and that, even if the Board's actions were to be examined on their merits, the Board had presented legitimate, nondiscriminatory reasons for not offering Zainalian permanent employment. Finally, the magistrate judge held that Zainalian failed to present a prima facie case of retaliation. On appeal, Zainalian takes issue with the decision in its entirety.

■ The magistrate judge's characterization of Zainalian's affidavit is supported in law. Zainalian's affidavit was not notarized, although it contains an incomplete space for a notary's seal. A litigant may nevertheless controvert sworn affidavits and place material facts into dispute by submitting an unsworn statement that is subscribed by him as being true under penalty of perjury. 28 U.S.C. § 1746. Zainalian's affidavit, however, did not comply with the requirements of § 1746. As Zainalian neither verified his affidavit nor complaint, signed them under oath, nor signed them under penalty of perjury pursuant to 28 U.S.C. § 1746, the facts averred to therein lacked the force and effect of an affidavit for purposes of responding to a motion for summary judgment. *See Lavado v. Keohane,* 992 F.2d 601, 605 (6th Cir.1993).

■ The elimination of Zainalian's affidavit from the evidentiary material leaves absolutely no prima facie evidence of religious discrimination on the part of the Board. To succeed on a Title VII discrimination claim, a plaintiff must establish a prima facie case of intentional discrimination under the shifting burdens analysis set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). A prima facie case of prohibited discrimination in the Title VII refusal-to-hire context consists of proving that: (1) plaintiff belongs to a protected

group; (2) plaintiff applied for and was qualified for a job for which the employer was seeking applicants; (3) despite his qualifications the plaintiff was rejected; and (4) after his rejection, the position remained open and the employer continued to seek applicants from persons of the plaintiff's qualifications. *Id.* at 802.

The uncontradicted, properly admitted evidentiary material of record shows that Zainalian received average or substandard evaluations at three of the four substitute positions to which he was assigned and, most importantly, that Zainalian *never* obtained his Tennessee teacher's certification. This latter fact, standing alone, negates any chance Zainalian had of establishing a prima facie case of impermissible employment discrimination.

Finally, Zainalian's retaliation claim was properly disposed of by the district court. In order to establish a prima facie case of retaliation, a plaintiff must show that: 1) he engaged in protected activity; 2) his employer knew of the protected activity; 3) he was subjected to an "adverse employment action"; and 4) a causal connection exists "between the protected activity and the adverse employment action." *Hafford v. Seidner,* 183 F.3d 506, 515 (6th Cir.1999). Zainalian never supported the brief, conclusory retaliation statement in his EEOC claim with any evidence of causation or, in fact, that the Memphis Board of Education knew of any particular protected pre-EEOC activity. This appeal lacks merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.